United States District Court
Southern District of Texas
**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-2284 |
| | § | |
| CENTENO AC INSULATION | § | |
| AND SHEET METAL LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Motion to Strike Defendant Centeno AC Insulation and Sheet Metal, LLC's Partial Joint Discovery/Case Management Plan (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

This is a Fair Labor Standards Act lawsuit. Plaintiff Francisco Flores ("Flores") formerly worked for Defendant Centeno AC Insulation and Sheet Metal LLC ("Centeno") as a manual laborer. Flores alleges Centeno failed to pay him the required time-and-a-half wage for the hours he worked over forty hours per week. On October 8, 2021, the parties filed a joint discovery/case management plan. On the same day, both parties also each filed partial joint discovery/case management plans. Each partial plan included allegations and statements the parties apparently could not agree to being included in the plan they filed jointly. Centeno's partial plan

alleges "Plaintiff . . . [has] attempted to arrange for one of Defendant's members to be kidnapped and physically assaulted by . . . a local gang member, and . . . a member of a Mexican cartel."[1] On October 14, 2021, Flores moved to strike Centeno's partial plan on the ground the "allegations are needlessly prejudicial as they harm Plaintiff's reputation and can cause difficulty in obtaining further employment" and the filing "contains . . . inadmissible hearsay meant to improperly color the Court and the public's opinion of Plaintiff."[2]

Under the Federal Rules, courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, the Federal Rules of Evidence hold that "[h]earsay is not admissible unless" provided for by an exception. Fed. R. Evid. 802. Hearsay means an out-of-court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Flores offers no authority supporting the proposition that a joint discovery/case management plan is a "pleading" for the purposes of Rule 12(f). Further, Flores offers no authority supporting the proposition that allegations contained in the joint discovery/case management plan must be supported by admissible evidence. Regardless of the truth of the allegation, it is unclear how a

---

[1] *Defendant Centeno AC Insulation and Sheet Metal, LLC's Partial Joint Discovery/Case Management Plan*, Document No. 13 at 1.

[2] *Motion to Strike Defendant Centeno AC Insulation and Sheet Metal, LLC's Partial Joint Discovery/Case Management Plan*, Document No. 15 at 1.

party can be expected to support every statement in a pre-discovery filing with admissible evidence. Because the filing is not a pleading under Rule 12(f) or required to adhere to the Federal Rules of Evidence, the Court determines the motion should be denied. Accordingly, the Court hereby

**ORDERS** that Motion to Strike Defendant Centeno AC Insulation and Sheet Metal, LLC's Partial Joint Discovery/Case Management Plan (Document No. 15) is **DENIED**.

Signed on March 15, 2022, at Houston, Texas.

David Hittner
United States District Judge